UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEL-TEX VALVE, INC. AND<br>ABRAHAM MELAWER<br><br>    Plaintiff,<br><br>v.<br><br>MERRILL LYNCH BUSINESS<br>FINANCIAL SERVICES INC.<br><br>    Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:07-cv-3315 |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Remand, Docket No. 10, and Defendant's Motion to Dismiss, Docket No. 3. For the following reasons, both motions are **DENIED.**

### I.    BACKGROUND

In June 2002, Defendant Merrill Lynch Business Financial Services Inc. (MLBFS) extended a line of credit in the amount of $300,000 to Plaintiff Mel-Tex, and Mel-Tex granted MLBFS a security interest in its inventory and equipment. Mr. Melawer was a guarantor on the loan. Mel-Tex defaulted on repayment, MLBFS filed suit, and the 61st Judicial District of Harris County Texas rendered an agreed judgment in favor of MLBFS in the amount of $354,000 with post-judgment interest of 3% plus a defined prime rate.[1] According to Plaintiffs, in February 2005, counsel for Mel-Tex sent a letter to MLBFS to promote additional settlement negotiations; the letter also explained amounts that Mel-Tex

---

[1] Plaintiffs indicate that the court may have made a mistake in entering the judgment in this amount given that the purported basis for the Agreed Judgment was a December 2004 Settlement Agreement and Mutual Release in the amount of $330,000.

1

had already paid "for a total of $139,000, plus an additional $150,000 from a loan by Comerica Bank." Plaintiffs claim that Mel-Tex subsequently made two payments totaling $132,247.53 and allegedly defaulted sometime thereafter, resulting in an acceleration of payment on the outstanding balance of the Settlement Agreement.

In April 2005, the parties entered into a second settlement agreement in which Plaintiffs agreed to pay $221,754.96. According to Plaintiff's Petition, this amount, when added to the earlier $132,247.53 totaled the original $354,000 under the agreed judgment. The payment terms required Mel-Tex to make an initial payment of $137,648.08 and monthly payments of $7,646.08 plus interest on the unpaid Settlement Amount at the judgment rate of prime plus 3%.[2] Mel-Tex apparently made the first payment, but $10,000 of the $137,648.08 was dishonored for insufficient funds. Defendant then demanded another monthly payment of $18,730.62 that included $7,646.08 plus an interest rate of prime plus 3% "and presumably some other amounts for unknown reasons" in addition to the $10,000 deficiency. On May 9, 2005, Defendant sent a letter declaring Mel-Tex in default. Sometime thereafter, Mr. Melawer sent $10,000 to cover the deficiency caused by insufficient funds.

On or about March 22, 2007, Mel-Tex tendered another check to Defendant for $10,000. On the front of the check appeared the language "in full and final settlement of all outstanding debt." Mr. Melawer also included a letter with the check stating:

---

[2] Although the Settlement was not attached to Plaintiffs' petition, Plaintiffs did, in fact, attach the Settlement Agreement to their Motion to Remand and Response to Defendants' Motion to Dismiss. Defendants also attached the Settlement Agreement to their Motion to Dismiss. The Court may consider the document because it is central to Plaintiff's claim, is referenced in Plaintiffs' Petition and the authenticity of the document is not disputed. *See, e.g.*, *Kane v. McGregor*, 322 F.3d 371 (5th Cir. 2003) ("[T]he court may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim."). Because the Court does not wish to convert this Motion to Dismiss into a Motion for Summary Judgment pursuant to FED. R. CIV. P. 12(b), it will not consider the additional documents Defendants have attached in support of their Notice of Removal or the affidavit Plaintiffs attached to their response to the Motion to Dismiss.

> Enclosed please find a check from Mel-Tex, Inc. and Abraham Melawer. Please note that we are tendering this check to settle all outstanding debts with Merrill Lynch. You will also note the release on the face of the check .
>
> . . . We are sincerely hoping this will close the matter.

Defendant then sent a letter to Plaintiffs' counsel acknowledging that the purpose of the check was to satisfy the full debt, but refusing to treat the check as full payment. MLBFS then deposited the check, and the check cleared the payor's bank.

Plaintiffs subsequently filed a Petition in state court seeking a declaratory judgment that Plaintiffs' obligations have been fulfilled because an accord and satisfaction arose when Defendant deposited Plaintiffs' check. Plaintiffs additionally sought a Temporary Restraining Order, Temporary Injunction, and Permanent Injunction enjoining Defendant from foreclosing on the collateral under the security agreement that is the subject of this suit. Plaintiffs asserted further claims of breach of contract, right of redemption under Article 9 of the Texas Business and Commerce Code, and conversion. Defendant subsequently removed the case to this Court.

**II.     Motion to Remand**

Plaintiffs have asked the Court to remand this case to state court. The parties appear to agree that they are completely diverse and that the amount in controversy in this case exceeds $75,000, thus fulfilling the requirements of 28 U.S.C. § 1332(a). Plaintiffs argue, however, that the case should be remanded because a provision in the second settlement agreement provides that "any action for breach of the terms of this Agreement shall be brought in a Texas court for trial without a jury and shall be governed by and construed in accordance with Texas law." This Court resides in Texas and thus could be

considered a "Texas court." This Court is also competent to adjudicate issues of Texas law. The language of the settlement agreement does not, therefore, require the Court to remand this case to state court.

### III.     Motion to Dismiss

Defendants contend that Plaintiffs' assertion of accord and satisfaction fails as a matter of law because Plaintiffs have failed sufficiently to allege facts that could show that the amount of the claim was unliquidated or subject to a bona fide dispute. Defendants ask the Court to dismiss Plaintiff's Petition for failure to state a claim under FED. R. CIV. P. 12(b)(6).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2006). A Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1992).

Section 3.311 of the Texas Business and Commerce Code provides that a claim may be discharged by an accord and satisfaction if the "instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim" and the following conditions were also met:

> (1) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim;

4

>(2) the amount of the claim was unliquidated or subject to a bona fide dispute; and
>(3) the claimant obtained payment of the instrument.

Tex. Bus. & Comm. Code § 3.311(a) (2006); *see also Ostrow v. United Business Machines, Inc.*, 982 S.W.2d 101, 104 (Tex. App.-Houston 1998). A check is an instrument for purposes of §3.311. Tex. Bus. & Comm. Code §3.104(f).

Defendants argue that it is clear from the four corners of Plaintiffs' Petition that the underlying obligation owed by Mel-Tex and Mr. Melawer was liquidated and not subject to a bona fide dispute. Defendants point to a provision in the second settlement that provides that if the debtors failed to make any of the required payments, the "full amount of the unpaid judgment including post judgment interest will be immediately due."

The total amount of Plaintiffs' debt may have been liquidated and reduced to a sum certain. Nevertheless, Plaintiffs claim that the parties dispute the remaining balance. (Pls' Petition 6 ("Mel-Tex repaid the vast majority of the loan, the parties dispute the remaining balance . . . .").) The allegations set forth in the Petition make it at least plausible that a bona fide dispute existed between the parties over the balance that remained on that debt. Nothing in Plaintiffs' recitation of the amounts paid by Mel-Tex or demanded by MLBFS require a conclusion to the contrary; in fact, it seems quite possible that in the midst of the different demands for and tenders of payment, some confusion may have arisen as to the remaining balance on the debt. For example, the Petition suggests that in February 2005, counsel for plaintiffs believed that Mel-Tex had already paid $150,000 from a loan by Comerica Bank. It is unclear from the Petition what became of that amount, but it is at least plausible that a bona fide dispute exists, for example, over whether the $150,000 was paid. Viewing the facts stated in the Petition in the light most favorable to the Plaintiffs, the Court therefore finds that Plaintiff has stated a claim for relief.

### IV. CONCLUSION

Plaintiffs' Motion to Remand, Docket No. 10, is **DENIED** and Defendant's Motion to Dismiss, Docket No. 3, is **DENIED**. The parties should contact the Court if a hearing should be set on the application for temporary restraining order or temporary injunction.

**IT IS SO ORDERED.**

**SIGNED** this 13th day of February, 2008.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**